# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

JOHN DOE,

       Plaintiff,

      vs.                       Civil No. 12-cv-00979 WJ-KBM

NOSF, INC., formerly known as
BROTHERS OF THE CHRISTIAN
SCHOOLS OF LAFAYETTE, LA, INC.,
CATHOLIC DIOCESE OF EL PASO, and
STEPHEN FURCHES,

       Defendants.

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE TO WESTERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1404

THIS MATTER comes before the Court upon a Motion to Transfer Case or Dismiss Based Upon Forum Non Conveniens, filed by Defendant NOSF, Inc. on September 28, 2012 **(Doc. 10)**; Motion to Transfer Venue, filed by Defendant Catholic Diocese of El Paso on November 8, 2012 by **(Doc. 21)**; and Plaintiff's Motion for Intra-District Transfer to Federal District Court in Las Cruces, New Mexico, filed November 20, 2012 **(Doc. 23)**. Having reviewed the parties' briefs and applicable law, I find that both Defendants' motions shall be granted in that the case shall be transferred to the Western District of Texas, and Plaintiff's motion is not well-taken and shall be denied.

## BACKGROUND

Plaintiff asserts in this action that he was abused by Stephen Furches, a Christian Brother acting as principal of Cathedral High School in El Paso, Texas. The alleged abuse occurred in 1988. Doc. 1-2, ¶ 7. The case was initially filed in the First Judicial

District Court, County of Santa Fe, State of New Mexico, on August 10, 2012, and

removed to this federal court on September 19, 2012.  Defendants NOSF, Inc. ("NOSF")

and the Catholic Diocese of El Paso ("Diocese") move to transfer venue in this case for

the convenience of the parties and witnesses under 28 U.S.C. § 1401(a).  Plaintiff requests

transfer of venue to Las Cruces, New Mexico.

## DISCUSSION

Exercise of the power to transfer venue rests in the discretion of the district court.

*Scheidt v. Klein,* 956 F. 2d 963, 965 (10th Cir. 1992).   The Catholic Diocese ("Diocese")

observes that this action could have been brought in the Western District of Texas.  28

U.S.C. § 1391 governs venue.  Section 1391(b) provides:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any  judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  A district court has discretion to transfer venue for the convenience

of the parties and witnesses, considering motions for transfer according to an

"individualized, case-by-case consideration of convenience and fairness."  *Chrysler Credit*

*Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991).   28 U.S.C. §

1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties are consented.

A district court should consider the following facts when determining

whether to transfer venue under § 1404(a):

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the   necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of  laws; the advantage of having a local court determine questions of local law; and, all  other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (citation omitted).

## I.      Basis for Transfer to Western District of Texas

Because both Defendants' motions raise similar arguments, the Court will address

the arguments together.  It is clear that this action could have been brought in the Western

District of Texas, and that venue is proper there under § 1391(b)(2), based on the

allegations in the complaint, and the undisputed fact that the events at issue in this action

occurred in El Paso, Texas.   There is no reason *not* to transfer venue to the Western

District of Texas, based on the factors normally considered by a district court.  While one

of the factors considered is a plaintiff's choice of forum, that factor is accorded little

weight where "the facts giving rise to the lawsuit have no material relation or significant

connection to the plaintiff's chosen forum."  *See Employers Mut. Casualty Co. v. Bartile*

*Roofs, Inc.,* 618  F.3d 1153, 1168 (10th Cir. 2010).   In this case, there is no connection

between the Plaintiff and New Mexico.   Plaintiff resides in Florida (*see* Doc. 1-2, ¶ 1),

which is actually closer to Texas than New Mexico.  Plaintiff was a resident of El Paso

when he alleges he was abused in El Paso by the principal of Cathedral High School at El Paso, which is owned and operated by the Diocese of El Paso.

Sources of proof will be more accessible in the Western District of Texas and pertinent documents will more probably be located there as well.  *See Chrysler,* 928 F.2d at 1516.   Key witnesses, including retired teachers and current teachers from Cathedral High School and priests and brothers of the Diocese who knew Brother Furches, are more accessible in Texas.   *See Employers Mut.,* 618 F.3d at 1169 (convenience of witnesses is the most important factor in deciding a motion under § 1404(a)).[1]  As Defendants note, because this action was brought almost twenty-five years after the alleged abuse occurred, many of these witnesses are outside the Court's subpoena power now that they no longer work for the Diocese.   Plaintiff argues that many of the witnesses are in different locations and that in other similar cases, NOSF flew their witnesses to different states for their depositions.   Doc. 14 at 9-10.   Plaintiff also notes that in another sexual abuse case, the First Judicial Court denied Defendants' motion to dismiss for forum non conveniens. Doc. 14, Ex. A-8.   The fact that witnesses were *able* to fly to other states where necessary does not speak to the convenience of a forum, and the state court order denying a motion to dismiss in another case has no bearing on what this Court decides in this case.[2]   There is no dispute that Plaintiff has no prior or current connection to New Mexico; the alleged abuse took place in El Paso which in turn means that the sources of proof will be more available there; and El Paso will be more convenient for most of the witnesses.

---

[1]  *See* Doc. 21 at 5 for a list of the key witnesses expected to testify in this case.

[2]  In that state court order, the judge stated that "Santa Fe has a community interest in this case based on the facts and circumstances of the underlying matter."  Ex. A-8, ¶ 9.   Based on the facts of the instant case, this case finds no similar "community interest" in having this case tried in New Mexico.

Another factor to consider is the law applicable to Plaintiff's claims.  *See Chrysler*, 928 F.2d at 1516.  The parties disagree on whether Texas or New Mexico law applies. *See, e.g.,* Doc. 14 at 11-12 & Doc. 15 at 4; Doc. 21 at 7.   Plaintiff contends that the New Mexico statute of limitations will apply to this case and that because no discernible difference exists in the substantive law relative to John Doe's causes of action, a "false conflict" exists.  Doc. 14 at 11-12.   Defendants disagree.  They point out that there are very real differences in the effects of the substantive law relative to the causes of action, for example in deciding damages which rely on substantive law—in this case, Texas law.[3]

It may be that there are some differences in how substantive and procedural law is applied in this case, but Texas law will apply to Plaintiff's causes of action because these claims arise from alleged abuse at a Texas high school, by a Texas principal, at a school owned by owned by the Diocese of El Paso.  *See Vitkus v. Beatrice Co*., 127 F.3d 936, 941 (10th Cir. 1997) ("A federal court sitting in diversity . . . must apply the substantive law of the forum state, including its choice of law rules.").  At the same time, parties seem to realize that there is not much difference (hence, Plaintiff's reference to "false conflicts") between New Mexico and Texas law on Plaintiff's causes of action. Thus, the Court does not weigh this factor heavily either way.

Considering all the factors under § 1404(a), the Court concludes that the case should be transferred to the Western District of Texas.

## II.     Plaintiff Offers no Grounds to Deny Defendant's Motion to Transfer Venue

Plaintiff insists that New Mexico is a proper forum and that Texas is an improper forum to hear this case, relying almost exclusively on facts and arguments which relate to

---

[3]   Citing Texas state statutes,  Defendants note that under Texas law, punitive damages are capped, whereas there is no such damages cap under New Mexico law.  *See*  Doc. 15 at 4.

the assertion of personal jurisdiction in New Mexico over Defendants, rather than factors

to be considered under § 1404.   The complaint alleges that both NOSF, Inc. ("NOSF")

and the Diocese had "continuous and systematic contacts" in the State of New Mexico.

Plaintiff alleges that NOSF operated educational institutions in New Mexico, including the

College of Santa Fe and St. Michael's High School (*see* Compl., Doc. 1-2, ¶ 2); and that

the Catholic Diocese of El Paso conducted religious services, solicited donations and

engaged in mandatory retreats for priests in New Mexico (*see* Compl., Doc. 1-2,¶ 3).   The

Court views these assertions as true at this stage in the litigation, but they do not dispose

of the question here, which is whether the case should be transferred for the convenience

of parties and witnesses.

Plaintiff also argues that Texas is an improper forum because of the "forum

defendant rule," referring to 28 U.S.C. 1441(b), which states:

> A civil action otherwise removable solely on the basis of the jurisdiction
> under section 1332(a) of this title may not be removed if any of the parties
> in interest properly joined and served as defendants is a citizen of the State
> in which such action is brought.

§1441(b)(2).  This rule prohibits removal of a diversity case by an in-forum defendant.

However, it does not apply here.  Section 1441(b)(2) expressly relates only to the question

of whether an action is properly removed from the state in which it was *brought*.  Since

this case was brought in New Mexico, § 1441(b)(2) has no relevance to a transfer of venue

to Texas.  Thus, the Court rejects Plaintiff's argument that the Diocese is attempting to

circumvent the protections afforded to a plaintiff under the forum defendant rule, because

it was Plaintiff who chose to file the action in New Mexico and not Texas.   Moreover,

because § 1441(b) relates to removal procedures, an alleged violation of § 1441(b)(2)

must be raised in a timely motion to remand, or else it is waived.  Plaintiff has not timely

challenged removal of this case to federal court, and his failure to do so waives any challenge under § 1441(b).  *See Samaan v. St. Joseph Hosp.,* 670 F.3d 21, 28 (1st Cir. 2012) (holding that removal in contravention of § 1441(b) by an in-forum defendant creates a procedural defect that is subject to waiver).

The requirements for federal diversity jurisdiction under 28 U.S.C. § 1332 are met in this case, and Plaintiff does not argue otherwise.  Plaintiff is a citizen of Florida, Defendant NOSF is a Louisiana non-profit corporation; the Catholic Diocese of El Paso is an unincorporated religious organization in Texas; and Defendant Furches is a resident of Colorado.  Doc. 1-2 ¶¶1-4; *see Assaf v. Trinity Med'l Center,* 696 F.3d 681, 685 (7th Cir. 2012) (failure to request remand upon removal by in-forum defendant was procedural error, where all requirements for diversity jurisdiction were satisfied); *Samaan,* 670 F.3d at 28 (because all the requirements for diversity jurisdiction were satisfied, the improper removal had no effect on the federal court's capacity to hear the case).[4]

Plaintiff's last argument is the suggestion of an alternative: transfer the case to the Las Cruces Division.  This suggestion is also the basis for Plaintiff's response to Defendant's motion to transfer venue, as well as the subject of Plaintiff's Motion for Intra-District Transfer to Las Cruces (Doc. 23).  Plaintiff relies on § 1404(b) which permits a

---

[4]   *Samaan* references decisions from other courts in agreement with its holding: *In re 1994 Exxon Chem. Fire,* 558 F.3d 378, 392–93 (5th Cir.2009); *Lively v. Wild Oats Mkts., Inc.,* 456 F.3d 933, 939–40 (9th Cir.2006); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 379 (7th Cir.2000); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship,* 213 F.3d 48, 50 n. 2 (2d Cir.2000); Moores v. Greenberg, 834 F.2d 1105, 1106 n. 1 (1st Cir.1987). But see *Horton v. Conklin,* 431 F.3d 602, 605 (8th Cir.2005) (holding that violation of forum defendant rule is jurisdictional defect). 670 F.2d at 28.

The Court has found no Tenth Circuit case discussing the "forum defendant rule."   The Court found several district court cases which concluded that removal premised on diversity jurisdiction is impermissible if the removal is effected by citizens of the state in which the action is removed.  *See, e.g., Skyline Holdings Group, LLC v. Vilchez,* Slip Copy, 2012 WL 1840327 (D.Utah, 2012) and *Kondaur Capital Corp. v. Castro,* Slip Copy, 2012 WL 1205169 (D.Colo., 2012).  However, these cases are not helpful here because plaintiffs in those cases filed motions to remand, where in the instant case, Plaintiff did not challenge removal to federal court.  Also, the courts in those cases did not need to address whether a failure to challenge removal under § 1441(b)(2) would be waived.

district court where the action is pending to transfer a case to a different division within the same district upon motion of a party.[5]   The main reason why Plaintiffs request cannot be granted is because New Mexico constitutes one judicial district with no divisional offices.  28 U.S.C. § 111.[6]   This case cannot be transferred to a division that does not exist.

Even if Las Cruces was in fact another division of the District of New Mexico, the Court would still deny Plaintiff's request.  Section § 1404(b) would not provide a basis to transfer the case to the Las Cruces division because the case could not originally have been brought in the Las Cruces Division, based on the venue requirements in § 1391(b): no defendant resides in New Mexico; no part of the alleged incident took place here; and there *is* another district (the Western District of Texas) in which the action may be brought.  Also, under its plain language, § 1404(b) only applies when all parties consent to an intra-district transfer.  Neither Defendant consents to a transfer.

## CONCLUSION

In sum, the Court finds and concludes that this case shall be transferred to the Western District of Texas in the interests of justice and convenience, pursuant to 28 U.S.C. § 1404(a).  In addition, Plaintiff's request to transfer the case to the Las Cruces Division under § 1404(a) is denied because Las Cruces is not a division of the District of New Mexico.

---

[5]   Section 1404(b) states:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

[6]   Section 111 states that "New Mexico constitutes one judicial district.  Court shall be held at Albuquerque, Las Cruces, Las Vegas, Roswell, Santa Fe, and Silver City."

**THEREFORE,**

**IT IS ORDERED** that the Motion to Transfer Case or Dismiss Based Upon Forum Non Conveniens filed by Defendant NOSF **(Doc. 10)** and the Motion to Transfer Venue filed by Defendant Catholic Diocese of El Paso **(Doc. 21)** are hereby GRANTED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Intra-District Transfer to Federal District Court in Las Cruces, New Mexico **(Doc. 23)** is hereby DENIED for reasons described in this Memorandum Opinion and Order;

**IT IS FINALLY ORDERED** that the **Clerk of Court is hereby DIRECTED TO TRANSFER THIS CASE TO THE WESTERN DISTRICT OF TEXAS, EL PASO DIVISION**.


_____
UNITED STATES DISTRICT JUDGE